THOMAS HOLLIDAY v. A. H. CROMWELL AND OTHERS.

1. What is adverse and uninterrupted possession of ten years, is a question of law; but whether there has been such possession, is a question of fact.
2. Being sued in trespass to try title, the defendants relied upon title acquired by their vendor's adverse possession under the ten years statute of limitations. They proved their vendor's possession in 1842, and a break in it from the fall of that year until 1847, and attempted to excuse this break by a military order, issued in 1842, which compelled their vendor and other Mexicans to leave that part of the country. But it appearing that the plaintiff's vendor, holding the title to the land, was similarly affected by the military order, it is *held* that the defense derives no aid from the compulsory abandonment of possession, and the plaintiff's title must prevail.

APPEAL from Victoria. Tried below before the Hon. T. C. Barden.

The first appearance of this case in the Supreme Court is reported in 26 Texas, 188. The cause being then remanded, the defendants obtained leave to sever in their defenses, and thenceforth two suits were substantially prosecuted by the plaintiff. The conclusion of one of them is reported in 34 Texas, 463, under the name of Cromwell *v.* Holliday. The present is the other branch of the litigation. The two former reports, just referred to, disclose the material facts with respect to the attitude of the parties and the sources of their titles.

The opinion of the court now reported, refers to the military order on which the defendants relied, to account for and excuse their vendor's abandonment of the land in the fall of 1842. According to the testimony of A. Bass, that order was issued

by Captain Owens, an officer of the Texan army, in command of two or three hundred men. It was issued in anticipation of the invasion of the Mexican forces, and required Mexican inhabitants to leave that section and either go east of the Lavaca or west of the Nueces. The opinion indicates such other facts as are of any consequence.

*Glass & Callender*, for the appellant.

*A. B. Petticolas*, for the appellees.

WALKER, J. There are several errors assigned to the rulings of the District Court, on which it is claimed the judgment should be reversed. We deem it unnecessary to notice them in their order.

Had it become necessary to offer the survey made by White, merely to prove the extent of Madame Garza's possession, it probably might have been offered for this purpose, but would be incompetent as a muniment of title.

What is adverse and uninterrupted possession of ten years, is a question of law; whether there has been such possession, or not, is a question of fact. The adverse possession relied on by the appellee, is not such as the law requires. Possession in 1842, interrupted until 1847, and then only assumed by a tenant, and broken off again until 1850, does not constitute an adverse possession in law, against one who asserts his rights in the courts in 1854.

An able and ingenious argument, in support of the title by adverse possession, is predicated upon a military order made in 1842, under which the citizens who adhered to the Mexican cause were compelled to leave the country. The adverse claimants of the land in controversy were alike subjected to the operation of that order; and it is presumed that, if Madame De La Garza was compelled, in obedience thereto, to relinquish her possession of the land, Serna was alike prevented from taking possession. If the order, in itself, was a sufficient

ground to excuse the one, it must certainly have a like effect upon the other; and it is well assumed by counsel that neither law nor equity would, under the circumstances, prefer the claims of one seeking to gain title by possession and prescription, to one holding the legal title.

Without this claim to adverse possession, the Serna title is the better in law. It is older and free from irregularities; it is not only good in law but in equity, for anything shown by the record.

The judgment of the District Court is therefore reversed, and the cause remanded.

Reversed and remanded.